ELDRIDGE HAWKINS, LLC
Attorney At Law
Attorney ID No. 214731967
60 Evergreen Place, Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070
Fax: (973) 676-7356
Attorney for: Special Police Organization of New Jersey

| | |
|---|---|
| SPECIAL POLICE ORGANIZATION OF NEW JERSEY AND THE FOLLOWING MEMBERS: HERIBERTO ACEVADO, JUAN ALVIRA, JAMES ANDREWS, PALMER AMOS, JOAQUIN AYERBE, JORGE ALEX BARBOSA, JABREE BELL, RENALDO BARTE, ALPHONSO BENTON, THIAGO BETHONICO, KYLE BROWN, CLIFTON BURCHETT, CARLOS CABRERA, ALBALINE CARABALLO, TRACY CHILDRESS, CAROLINE CLARK, LUCIANO COLLAZO, VINCENT CORDI, CHARLIE DAVIS, CURTIS DORCH, TUWAN FLOYD, WILLIE FLOYD, MICHAEL GILLENS, KENDALL GOLDEN, GENNARO GUANCI, ISMAEL GUERRERO, GIOVANNI GIIDA, HARRISON HOGUE, MARK HALLOWAY, JEROME JEWELL, WILBERT JOHNSON, VICTOR JORGE, LARRY KING, DARRELL LAMPLEY, ALANA LAWRENCE, GIUSEPPE MAIORANO, BENJAMIN MAURIELLO, MARIA MELENDEZ, DELVIS MATOS, WALTER MELVIN, HORTENSE MERRITT, REGINALD MERRITT, JOHN MEYERS, EUSEBIO MOREIRA, MARK ODOM, DAVID PAIGE, OSCAR PANNELLA, RONALD M. PETFORD, IRIS PHILSON, RICARDO PRATT, MANNY REBIMBAS, JAMIE RIVERA, GARY ROBINSON, MIGUEL J. RODRIGUEZ, CARMINE RUSSO, HAKEEM SALEEM, ISRAEL SEGARRA, JOHN SILVA, SHAWN SIMMONS, ALBERTO SMITH, LUIS SOTO, ANTHONY SUTTON, ELLIOT TAYLOR, DIKRAN TEHLIKIAN, ROBERTO TELLEZ, ALAIN VARELA, | UNITED STATES DISTRICT COURT OF NEW JERSEY DOC. NO.: <br><br><br> <u>CIVIL ACTION</u> <br><br><br> COMPLAINT AND JURY DEMAND WITH PRODUCTION REQUEST |

1

GEORGE VASQUEZ, LOUIS WALKER
ADMIRAL WIMBERLY, TIMOTHY
WISE,TARIQ YASIN, DEVIN ZAMORA;
AND ON BEHALF OF ALL SPECIAL
POLICE HIRED BY AND THE CITY OF
NEWARK

                  PLAINTIFF,

V.

CITY OF NEWARK, ANTHONY AMBROSE,
CITY OF NEWARK, MAYOR, RAS
BARAKA, NEWARK CITY COUNCIL
MEMBERS, LAMONICA MCIVER, LUIS
A. QUINTANA, JOHN SHARPE JAMES,
JOSEPH A. MCCALLUM JR., ANIBAL
RAMOS JR., AUGUSTO AMADOR, EDDIE
OSBORNE, CARLOS M. GONZALEZ,
HARRY ROES (1-10)

                  DEFENDANT,

PLAINTIFF, Special Police Organization of New Jersey and its membership residing in the County of Essex, New Jersey, by way of Complaint against the Defendants, herein states:

<u>JURISDICTION</u>

This action is brought pursuant to 18 USC § 1961, 1962, 1964, et seq. N.J.S.A. 10:6-2 (a) (c) et als. N.J.S.A. 10:5-4; 42 USCA 1981, 1983, 1985, 1986, 1988, US Constitution Amendment XIII which prohibits forced labor without compensation N.J.S.A. 2C:41-2 (c) (New Jersey RICO) 10:5-12, (f); New Jersey Constitution, Article I, Paragraphs 1, 5, 7, 9,. Fuchilla v. Layman, 109 NJ 319, Peper v. Princeton, 77 NJ 55 (1978); Ptaszynski v. Ehiri Pius, 371 NJ Super 333.

## PARTIES

1. Plaintiffs', Special Police Organization of New Jersey and each individually named member: Heriberto Acevedo, Juan Alvira, James Andrews, Palmer Amos, Joaquin Ayerbe, Jorge Alex Barbosa, Jabree Bell, Renaldo Barte, Thiago Bethonico, Alphonse Benton, Kyle Brown, Clifton Burchett, Carlos Cabrera, Abalina Caraballo, Tracy Childress, Caroline Clark, Luciano Collazo, Vincent Cordi, Charlie Davis, Curtis Dorch, Tuwan Floyd, Willie Floyd, Michael Gillens, Kendall Golden, Gennaro Guanci, Ismael Guerrero, Giovanni Giida, Harrison Hogue, Mark Halloway, Jerome Jewell, Wilbert Johnson, Victor Jorge, Wilbert Johnson, Larry King, Darrell Lampley, Alana Lawrence, Giuseppe Maiorano, Benjamin Mauriello, Delvis Matos, Maria Melendez, Walter Melvin, John Meyers, Hortense Merritt, Reginald Merritt, Eusebio Moreira, Mark Odom, David Paige, Oscar Pannella, Ronald M. Petford, Iris Philson, Ricardo Pratt, Manny Rebimbas, Gary Robinson, Miguel J. Rodriguez, Jaime Rivera, Carmine Russo, Hakeem Saleem, Israel Segarra, John Silva, Alberto Smith, Shawn Simmons, Anthony Sutton, Luis Soto, Elliot Taylor, Dikran Tehlikian, Roberto Tellez, Alain Varela, George Vasquez, Louis Walker, Admiral Wimberly, Timothy Wise, James Wright, Tariq Yasin, Devin Zamora herein above are residents of the State of New Jersey.

3

2. The Defendant, City of Newark is and was at all times mentioned herein a Municipal Corporation organized under the authority of Legislative enactment of the State of New Jersey is an employer and a place of public accommodation.

3. The Defendant, Anthony Ambrose is the Police Director for the Newark Police Department and was at all times mentioned herein acting in the capacity of a police official of the Defendant, City of Newark in the performance of his duty. Plaintiff is joined as Defendant individually and officially. Defendants Ras Baraka, Mayor and Lamonica McIver, Luis A. Quintana, John Sharpe James, Joseph A. McCallum Jr., Anibal Ramos Jr., Augusto Amador, Eddie Osborne, Carlos M. Gonzalez, Newark City Council members all had duty to oversee and protect the persons employed by and thru the City and did not. Instead with full knowledge of these same practices they aided, abetted and allowed them to exist when they had a duty to stop same.

   a. Ras Baraka is the Chief Executive Officer of the City of Newark who has been made aware of the improprieties of the management of the City of Newark. Mayor Baraka has the oversight supervisory of duty as Chief Executive Officer to properly supervise discipline and correct behavior of his subordinate who have engaged in improprieties.

4

b. Despite being advised and forwarded Defendant Baraka has done nothing to correct the latest environment caused by his subordinates behavior as outlined herein and is joined officially and individually.

c. City Council members Lamonica McIver, Luis A. Quintana, John Sharpe James, Joseph A. McCallum Jr., Anibal Ramos Jr., Augusto Amador, Eddie Osborne, Carlos M. Gonzalez are hereby joined individually and professionally because they failed in their oversight duty to correct the improprieties of the City employees to be detriment of Plaintiff's herein.

4. The Defendants, John Roes (1-10), and Newark City Council members Harry and Jane Roe (1-10), fictitious names whose identities are not known to the Plaintiff, are and were employed by, and were at all times mentioned herein, agents of the City of Newark, and were acting within the scope of the said employment, when they authorized and aided and abetted the actions for the individually named Defendants. Each John Roes, knowingly aided and abetted individually named Defendants and the Newark Police Department (place of public accommodation) in their custom of attempting to and making Special Organization work for nothing under threat and penalty of not being able to have their contractually signed employment thru Defendant Newark. Said custom knowingly

committed, deprived Plaintiffs and their constitutional and statutory rights. All Defendants acquiesced in the actions of the other unlawfully and wrongfully.

5. All individually named Defendants were acting under color of State law. All said Defendants are being sued both in their individual and/or respondeat superior official capacities. Defendants, at times exceeded their authorities which are also governed by N.J.S.A. 40A:14-146.14.

6. At all times relevant hereto, (except as below stated) and in their actions described herein, the Defendants were acting (1) under color of statutes, ordinances, regulations, policies, customs and practices of the City of Newark; (2) pursuant to their authority as employees, servants or agents of the City of Newark; (3) as a place of public accommodation; and (4) within the scope of their employment and incidental to their otherwise lawful duties and functions as employees. Servants and/or agents. Defendants, however exceeded their authority when, with a deliberate indifference to the violation of the rights of Plaintiffs and other harm which would probably be caused when they made slaves of the Plaintiffs and made them work and donate their time by formal directives of the Police Director and City of Newark.

7. Individual Defendants are liable for their actions as proscribed by N.J.S.A. 59:2-24; N.J.S.A. 59:3-1 (a); N.J.S.A.

6

2C:20-2 (theft) 2C:20-5, (d) Extortion; 2C:20-4 theft by deception by making Plaintiffs believe they lawfully had to work for free; N.J.S.A. 2C:20-8, theft of services.

8. The attached documents and Notices of Claim are referenced relied upon and incorporated herein as if fully stated herein.

**FIRST COUNT**
**RECKLESS INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**
**(INDIVIDUALLY NAMED DEFENDANTS)**

1. The Plaintiffs repeat and re-allege all of the allegations contained in the above paragraphs of the within Complaint, and incorporates the same herein, as if the same were set forth at length.

2. The conduct of the Defendants as described herein as carried out upon the person of each of the Plaintiffs recklessly and intentionally inflicted severe emotional distress upon each Plaintiff.

3. As a direct and proximate result of the aforesaid bad faith and malicious actions, negligence, carelessness, recklessness and deviations from the accepted standards of care by each of the Defendants, or any one of them, committed individually, jointly and by agreement the Plaintiffs were deprived of their right to be protected against violations of their Civil and Constitutional Rights, to be free from the reckless, wanton, purposeful, intentional infliction of severe emotional distress with reckless disregard to the severe harm, which

7

would probably be caused by the actions of Defendants done either recklessly or intentionally and purposefully intended to inflict severe emotional distress on Plaintiffs'.

4. As a consequence of Defendants' actions, Plaintiffs suffered and will continue to suffer harm to their reputation and severe emotional distress especially from hear of Defendants ability to carry out their threatened retaliatory elimination of the Special Organization from Newark City employment.

**WHEREFORE,** Plaintiffs, demand judgment for monetary damages in their favor and against all Defendants, individually, jointly and severally for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees and such other relief as the Court deems equitable and just.

### SECOND COUNT
### NEGLIGENT, RECKLESS, WANTON DISREGARD FOR PLAINTIFF'S RIGHTS
### (INDIVIDUAL NAMED DEFENDANTS)

1. The Plaintiffs repeat and re-allege all of the allegations contained in the "Parties" and facts sections and the above Counts of the within Complaint, and incorporated the same herein, as if the same were set forth at length.

2. At all times relevant hereto, the Plaintiffs right to employment and property was in the custody of the Defendants, agents of Defendant City.

8

3. At all times relevant hereto, the Defendants were responsible for the safety of the Plaintiffs' right to properly and employment under their jurisdiction.

4. All Defendant's herein

   a. Failed to properly evaluate, assess and control their staff, agents and/or employees which duty they had as supervisors.

   b. Failed in their duty to Plaintiff to take proper appropriate and/or necessary measures to ensure the safety of the Plaintiffs property, employment and right to life, liberty and enjoyment of life without being forced into slave labor to enjoy same.

   c. Failed in their duty to Plaintiff to properly train, supervise and monitor their staff, agents, and/or employees.

   d. Engaged in dilatory tactics with regard to reporting, and/or correcting known misconduct on the part of their staff, agents and/or employees.

   e. Otherwise deviated from the acceptable standard of care.

   f. Upon information and belief, all Defendants aided and abetted each other to engage in the custom and practice of the City to force Special Police into slavery.

   **WHEREFORE,** Plaintiffs, demand judgment for monetary

9

damages in his favor and against all Defendants, individually, jointly and severally for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees and such other relief as the Court deems equitable and just.

### THIRD COUNT
### UNCONSTITUTIONAL SLAVE LABOR IN VIOLATION OF THE 13TH AMENDMENT OF NEW JERSEY CONSTITUTION, AMENDMENT U.S. CONSTITUTION (ALL DEFENDANTS)

1. The Plaintiffs repeat and re-allege all of the allegations Contained in all of the paragraphs previously stated in the within Complaint, and incorporate the same herein as if the same were set forth at length.

2. The City of Newark did not properly supervise or train these individual Defendants and allowed them to continue in their unconstitutional and unlawful ways without restraint.

   a. The Defendant, City of Newark has not disciplined Defendants when they needed to be disciplined, both before and after these described circumstances with Plaintiffs and being named and notified by Plaintiffs in their filed Notices of Claim;

   b. Neither of Defendants, has brought any charges against the individual Defendants regarding their unconstitutional practices nor have they made any effort to correct same.

10

3. As a consequence of the above, Plaintiffs has harmed damaged and caused extreme emotional and physical injury and distress by said Defendants acting individually, jointly, by agreement, in an aiding and abetting fashion in conspiratorial, recklessly, intentionally, purposely in bad faith and malicious fashion to cause Plaintiff harm and deprive him of his civil and constitutional rights.

**WHEREFORE,** Plaintiffs request judgment for monetary damages, Both past and future with costs, interest and attorney's fees.

**FOURTH COUNT**
**NEW JERSEY CONSTITUTIONAL VIOLATION,**
**PEPER v. PRINCETON, 77 N.J. (1978)**
**(ALL DEFENDANTS)**

1. Plaintiff repeats all prior paragraphs as if fully restated herein.

2. Defendants' aforesaid actions committed individually, jointly, be in agreement, in an aiding and abetting fashion with each other, violated Plaintiff's New Jerseys Constitutional rights under Article I, Paragraphs 2a, 5, 7, 8, 9, 10, 12, 18, 20, 22.

3. Defendants interfered with Plaintiff's rights to be free and independent, to enjoy and defend life and liberty and of pursuing and obtaining safety and happiness (Article I, Paragraphs 1, 5). Defendants violated Plaintiff's rights as declared that government is instituted for the

11

protection, security and of the people, Article I, Paragraph 2a).

4. Defendants deprived Plaintiffs of their civil rights as guaranteed by Article I, Paragraph 18 because they threaten Plaintiffs with loss of their employment, if they did not comply with the forced involuntarily servitude.

5. Defendants violated Plaintiff's rights under New Jersey Constitution, Article I, Paragraph 22, in that:

   a. They unlawfully exceeded their authority and stole labor and money from Plaintiffs' which made Plaintiff's victims of a crime.

   b. They, the City of Newark Police Department, Director, Ambrose, John Does and Harry Roes, (the immediate part of the criminal justice system) deprived Plaintiff as a victim of a crime of his right to be treated with fairness, compassion and respect.

   c. As a consequence of Defendant's actions committed individually, jointly in an aiding and abetting conspiratorial fashion, under color of State law, at times in bad faith and ultra virous and with malicious faith per se, Plaintiff has been damaged and harmed.

**WHEREFORE,** Plaintiff requests judgment against all Defendants Individually, jointly, conspiratorially and punitive, both past and future with costs, interest and attorney's fees.

## FIFTH COUNT
### INFLICTION OF SEVERE EMOTIONAL DISTRESS
### INDIVIDUALLY NAMED DEFENDANTS ONLY

1. Plaintiff repeats all previous and hereafter paragraphs as if fully restated herein.

2. The individually named Defendants engaged in all actions with a malicious, purposeful, bad faith, wanton, intentional disregard for the extreme distress and harm it would probably cause to Plaintiffs and which in fact was caused.

3. Because Plaintiffs were in involuntary serviced by Defendants, Defendants owed a high degree of care to not cause Plaintiffs harm.

4. Defendants breached that duty of care, violated the New Jersey Criminal Code in the process treated and caused Plaintiffs severe harm, so severe, no reasonable slave could withstand same.

5. As a consequence, Defendants' actions to Plaintiff caused Plaintiffs to be harmed, damaged and suffer severe and emotional distress, pain and humiliation.

**WHEREFORE,** Plaintiff requests judgment against all Defendants Individually, jointly, conspiratorially, for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees.

13

### SIXTH COUNT
### VIOLATION OF N.J.S.A. 10:6-4, 10:5-12 (f), N.J.S.A. 10:1-2
### PLACES OF PUBLIC ACCOMMODATIONS
### (ALL NAMED DEFENDANTS

1. Plaintiff repeats all of the previously and hereafter stated paragraphs and incorporates them fully herein as if fully revered.

2. The City of Newark and its police agents as well as each one of the Defendants are places of public accommodations who were required to give all of the privileges, immunities right protections and opportunities equally to the public including Plaintiffs without discrimination.

3. The said agents, each of them and all of them aided and abetted each other in depriving Plaintiff of the equal privileges, rights and opportunities of the City of Newark and Newark Police Department when Defendants:

   a. Forced Plaintiffs to volunteer without pay under authority and color of State law.

**WHEREFORE,** Plaintiff requests judgment against all Defendants Individually, jointly, conspiratorially, for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees.

14

## SEVENTH COUNT
### N.J.S.A. 2C:20-26, N.J.S.A. 10:6-2 (c)

1. Plaintiff repeats all prior paragraphs as if fully restated herein.

2. Defendants' actions amounted to theft, theft of services, theft by extortion by deception.

3. Same violated N.J.S.A. 2C:13-5; 2C2-2, 5 d,; 20-4; 2C20-8 and 2C20-20, Plaintiff brings this action against Defendants also under N.J.S.A. 10:6-2 (c) and NJ Constitution, Article I, Paragraph 1, 5, 7, 18.

4. All Defendants acting individually, jointly, severally and by agreement, under the color of State law, deprived Plaintiffs of their Constitutional Rights to freedom, property, and substantive due process.

5. All Defendants had a duty to protect Plaintiff from the actions complained of and did not.

6. As a consequence of Defendants' unlawful actions, Plaintiffs were damaged and have been burdened with per se damages.

**WHEREFORE,** Plaintiff requests judgment against all Defendants individually, jointly, conspiratorially, for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees.

**EIGHTH COUNT**
**VIOLATIONS OF FEDERAL AND NEW JERSEY CIVIL RIGHTS ACT, 42 USCA**
**1981, 1983, 1985, 1986, 1988, N.J.S.A. 10:6-2 (c)**
**ALL NAMED DEFENDANTS**

1. Plaintiff repeats all of the aforementioned paragraphs as if fully restated herein and especially the cited constitutional and criminal law violations.

2. The individually named Defendant's actions were all committed under color or State law in the purported exercise of their police powers.

3. Upon information and belief, the individual Defendants acted jointly, by agreement to aid and abet each other in depriving Plaintiffs of their Constitutional Rights in the custom of the Defendant's, as stated hereinabove and to cover up the individual police unlawful activity in order to protect the Municipalities criminal and civil legal proceedings. Such is the custom and practice of the City of Newark.

4. Defendants' engagement in such custom and practices not only are done to deprive Plaintiffs of their constitutional substantive due process rights and property rights but also to deprive Plaintiff SPO of NJ and the Newark Special Police of the equal protection of the law and their rights to be free from involuntary servitude.

16

5. These actions of Defendants done by agreement and by agreement to hide and cover up the Defendants' unlawful actions, amounted also to a civil conspiracy.

6. Defendants violations of all of the aforestated constitutional and statutory provisions including the various rules of Court and Court decisions constitutes violations of Plaintiffs' civil rights contrary to the aforestated protections and in violation of N.J.S.A. 10:6-2 (c), 42 USCA 1981, 1983, 1985, 1986, 1988.

7. As a consequence of Defendants' actions, Plaintiffs had been severely harmed and damaged in their statutory, constitutional, et al. civil rights causing them damages.

8. Each Defendant in his/her or its position had a legal constitutional and statutory duty to protect Plaintiffs from said actions but instead aided and abetted same and did not make an effort to prevent same as all are part of the criminal enterprise of the City of Newark which benefited from the forced incident labor of Plaintiffs' without pay.

**WHEREFORE,** Plaintiff requests judgment against all Defendants Individually, jointly, conspiratorially, for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees.

17

**NINETH COUNT**
**N.J.S.A. 2C:41-2 (c) AND 18 USCA 1961-1965**

1. Plaintiff repeats all prior paragraphs as if fully restated herein.

2. Defendants actions and customs of unlawfully coercing into free labor Plaintiffs and others in similar situations and stealing their money and services and this is a pattern and practice of the City of Newark's Criminal Enterprise which upon information and belief has been repeated multiple times during the past ten (10) years and discovery is needed to fully prove same.

3. Defendant's agents named herein, operating under the authority of the City of Newark, under color of law, have engaged in the unlawful agreement to aid and abet each other in coercion tactics to steal items and time from Plaintiff and others similarly situated to benefit Defendants and deprive Plaintiff of what is rightfully his/hers. Same acts violated N.J.S.A. 2C:13-2; 2C:13-5; 2C:20-2.1, 2.2; 2C:20-16, 18; 2C:21-15, 16; 2C:28-4, 2C:30-2, 2C:30-16; 2C30-7; 2C:41-2 (c).

**WHEREFORE,** Plaintiff requests judgment against all Defendants individually, jointly, conspiratorially, for monetary damages, both compensatory and punitive, both past and future with costs, interest and attorney's fees.

18

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues.

DATED: **MARCH 13, 2019**                    __/s/ELDRIDGE HAWKINS__
                                                    ELDRIDGE HAWKINS, ESQ.

## TRIAL ATTORNEY DESIGNATION

Eldridge Hawkins, Esq., is hereby designated as trial counsel for the Plaintiff.

DATED: **MARCH 13, 2019**                    __/s/ELDRIDGE HAWKINS__
                                                    ELDRIDGE HAWKINS, ESQ.

## DEMAND FOR INSURANCE COVERAGE

Plaintiff does hereby demand that Defendants disclose the full extent of all applicable insurance coverage as well as all declarations pages thereof within thirty (30) days of service of this Complaint.

DATED: **MARCH 13, 2019**                    __/s/ELDRIDGE HAWKINS__
                                                    ELDRIDGE HAWKINS, ESQ.

## R.4:18-2 PRODUCTION DEMAND

Plaintiff requests pursuant to Rules of Court that Defendants produce all documents referenced within their responsive pleading with five (5) days after filing the same.

DATED: **MARCH 13, 2019**                    __/s/ELDRIDGE HAWKINS__
                                                    ELDRIDGE HAWKINS, ESQ.

19