UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK

| | |
|---|---|
| SPECIAL POLICE ORG., et al.<br>    Plaintiffs,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br>    Defendants. | Case No.: 2:19-CV-8444-SDW-LDW<br><br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANTS', CITY OF NEWARK, RAS BARAKA, LaMONICA McIVER, LUIS A. QUINTANA, JOHN SHARPE JAMES, JOSEPH A. McCALLUM, JR., ANIBAL RAMOS, JR., AUGUSTO AMADOR, EDDIE OSBORNE, CARLOS M. GONZALEZ AND HARRY ROES (1-10), MOTION TO DISMISS THE AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(5) and (6)**
And
**OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO FILE A 2ND AMENDED COMPLAINT**
And
**OPPOSITION TO PLAINTIFFS' REQUEST FOR A DEFAULT JUDGMENT**

LAW OFFICES OF YVETTE GIBBONS, LLC
4 South Orange Avenue, No. 139
South Orange, NJ  07079
Phone: 908-267-0085
Attorneys for Defendants

On the Brief:
Yvette Gibbons, Esq.

1

## **ARGUMENT**

### **PLAINTIFFS' ENTIRE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE VOLUNTEERING 20 HOURS OF TIME IS NOT SLAVERY. IN FACT, SUCH VOLUNTEER REQUIREMENTS ARE PERFECTLY LEGAL.**

At its core, the Amended Complaint alleges that Plaintiffs are slaves because they are required to volunteer 20 hours of their time. Their allegation lacks a certain reality and would be humorous, if not for the past vestiges of slavery and its modern-day equivalents. When it comes to slavery - the key issue is choice – must you stay or could you leave? Slaves must stay, the Special Police Officers ("SPO") were always free to leave.

In *Steirer v. Bethlehem Area Sch. Dist.,* the Court stated that "the critical factor in every case finding involuntary servitude is that the victim's only choice is between performing the labor on the one hand and physical and/or legal sanctions on the other." 987 F.3d 989, 997 (3rd Cir. 1993)(citing, *U.S. v. Kozminski,* 487 U.S. 931 (1988)). "Modern day examples of involuntary servitude have been limited to labor camps, isolated religious sects, or forced confinement." *Id.* at 999. *Steirer,* also cited examples of when "forced labor" is not involuntary servitude; *i.e*, requiring attorneys to perform pro bono services, requiring medical doctors to perform certain services and/or offering prisoners the "option of participating in a

2

work-release program, even though the consequence of **not** working and remaining in jail may be 'painful.' *Id*. at 1000. Key to the Court's finding is that

> [i]n each of these situations courts found no compulsion because the individuals had alternatives to performing the labor: a lawyer can choose **not** to practice law to avoid the mandatory service requirement; a doctor can refuse to provide the contracted-for services and instead pay the damages for breach of the contract; and a prisoner can choose to stay in jail rather than enter the work-release program. The fact that these choices may **not** be appealing does **not** make the required labor involuntary servitude. *See also,* Booker, 655 F.2d at 566-67 (**not** involuntary servitude if the 'servant knows he has a choice between continued service and freedom, even if the master has led him to believe that the choice may entail consequences that are exceedingly bad' (quoting United States v. Shackney, 333 F.2d 475, 486 (2d Cir. 1974).

Here, the Plaintiffs worked no fields, were not physically forced to remain on the job, or even kidnapped. Rather, they had "choice" and they choose to apply for the position of Special Police Officer and, after the expiration of the one-year term of employment, re-apply for the very same position. The SPOs were aware of the requirements of the job, the time limitations of the job and the 20-hour requirement. Yet, they freely choose to apply and re-apply. Simply put, slaves do not apply and reapply for slavery.

Plaintiffs' slavery argument is meritless and warrants dismissal of the Amended Complaint with prejudice.

## THERE IS NO EQUAL PROTECTION VIOLATION BECAUSE SPECIAL POLICE OFFICERS ARE NOT NEWARK POLICE OFFICERS. THERE IS NO EQUALITY BETWEEN THE TWO.

Plaintiffs allege that they are being denied "equal treatment and protection" in violation of various so-called constitutional rights, the New Jersey Law Against Discrimination, N.J.S.A. 40A:9-6 and N.J.S.A. 10:1-2, and other statutes because they "must perform <u>all duties</u> of Newark Police but are not allowed all privileges and benefits and they are expected to perform <u>arrests</u> even when they are not allowed at times to be armed." Opp. Brief at p. 5, 25.

SPO are **not** Newark police officers. The Supreme Court of the State of New Jersey held that under *N.J.S.A.* 40A:14-146 (the statute governing special police officers):

> [S]pecial Police Officers may not be members of the police force; their appointments may not exceed a one-year term; they may be fired at any time without cause; and they may carry a badge. . . . [S]pecial police are **not the equivalent of regular police officers** who serve on a full-time basis throughout the year and from year to year. The special has a more limited role, one restricted in time or function or both. *Belmar Policemen's Benevolent Asso. v. Belmar* 89 N.J. 255, 261-262 (1982) (emphasis added).

*See also, In re Rawls,* 197 N.J. Super. 78, 85 (Law Div. 1984) (pursuant to *N.J.S.A.* 40A:14-146 et seq., special police officers "shall not be members of the police force . . . .").

Both case law and statute dictate that regular police officers and special police officers are not the same. Special police officers are not even members of the police force. Special police officers are part-time help whose employment opportunities expire yearly.

This Court should hold that Plaintiffs' arguments are without merit and warrant dismissal.

## PLAINTIFFS' CROSS-MOTION TO AMEND ITS AMENDED COMPLAINT SHOULD BE DENIED BECAUSE IT'S BASED ON PLAINTIFFS' FALSE ARGUMENT OF RETALIATION

Plaintiffs seek to file a Second Amended Complaint based on a so-called "newly discovered scheme to retaliate against Plaintiffs for having filed the original pleadings by directing the withholding of jobs from Plaintiffs which are the higher paying jobs ($57.00) and allowing mostly the $23.00 per hour jobs to be available for Plaintiffs." Plaintiffs' "Cross Notice of Motion to Supplement and To Amend Under FRCP 15, p. 2-3.

There is no retaliation against the Plaintiffs; nor have they been reduced to lower paying jobs.

Here is how the pay scale works[1]:

1. An SPO cannot work in excess of 20 hours per week and are responsible for obtaining their own employment;

---

[1] Please see Exhibit 1 – Sgt. Maritza Gonzalez's Certification

2. There are 3 types of SPO employment – (1) Private Employment; (2) assignment to the Newark Municipal Court; and (3) Outside Employment;

3. Private Employment – Private Employment occurs when a SPO secures his own employment. This can include working as security for an establishment legally allowed to sell alcohol (whereas, Newark police officers are prohibited from working in such establishments) or as security for private businesses that aren't Outside Employment per paragraph 7 below. In such instances, the SPO is paid directly by the establishment. Private Employment must be approved by the Special Police Liaison Unit via the SPO's submission of an Employment Request form;

4. Municipal Court - SPO are hired to work in Newark's municipal courts. They do not participate in Outside Employment or Private Employment;

5. Outside Employment – Outside Employment occurs when a vendor requests security services or construction traffic details from Newark. A sampling of current vendors are ShopRite (in-store security detail), PSE&G (construction safety work) and Home Depot (outside security detail). Newark police officers and SPO are both permitted to work Outside Employment jobs. The vendor pays Newark for the services of both types of officers and, in turn, Newark pays the officers. Vendors are charged the hourly rates of $57 or $23. The $57 rate is used for traffic control, parades, events and movie/tv shoots. The $23 rate is used for security details. Vendors that want a marked Newark police vehicle on-site are required to pay the $57 rate. However, only Newark police officers are allowed to use such vehicles because they are full-time employees and are covered by Newark's insurance. In contrast, the SPO are not full-time employees and are not covered by Newark's insurance. Consequently, vendors that want an on-site marked Newark police vehicle will hire the Newark police officers instead of a SPO. With security details, the vendor is not requesting a marked police vehicle.

There is no conspiracy, retaliation or any other plot against the SPO. First, SPO are responsible for securing their own employment (Private Employment) at their own desired rate of pay. Second, they are eligible for Outside Employment; however, the vendor is not required to hire a SPO. Most times, vendors want an on-site marked police vehicle. SPO cannot use these vehicles. Therefore, vendors will not hire a SPO, but will instead hire the Newark police officer because he can provide the desired vehicle.

As shown above, Plaintiffs retaliation claim is also without merit and fails to warrant the filing of a Second Amended Complaint.

### PLAINTIFFS ARE NOT ENTITLED TO A DEFAULT JUDGMENT BECAUSE DEFENDANTS' TIMELY FILED ALL DOCUMENTS

Plaintiffs' seek a default judgment based on an erroneous belief that Newark failed to respond within 21 days of service. Plaintiffs are wrong.

Newark was served on March 27, 2019; on April 15, 2019, Newark's time to respond was extended to May 1, 2019, per L.Civ.R. 6.1(b) (Doc. No. 4); and Newark's Motion to Dismiss was filed on May 1, 2019 (Doc. No. 7).

Based on the above, the Defendants respectfully request that Plaintiffs' Motion for Default Judgment be denied.

## **SUMMARY and CONCLUSION**

Defendants rely on its moving brief, as supplemented here, in reply to Defendants' constitutional claims submitted in the Opposition brief.

The Plaintiffs' Amended Complaint should be dismissed because the facts, as alleged by the Plaintiffs, fail to provide any basis for relief. A Second Amended Complaint is unwarranted because the Plaintiffs have no basis for their "retaliation" allegations. And, Defendants are not in default.

Defendants respectfully request that this Court grant their Motion to Dismiss with prejudice.

Respectfully submitted,

*/s/ Yvette Gibbons, Esq.*
Yvette Gibbons
Attorneys for Defendants
Law Offices of Yvette Gibbons, LLC
4 South Orange Avenue, No. 139
South Orange, NJ 07079
Phone: 908-267-0085

July 29, 2019