ELDRIDGE HAWKINS, LLC
**Attorney at Law**
**Attorney ID No. 214731967**
60 Evergreen Place, Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070
Fax: (973) 676-7356
Attorney for: Special Police Organization of New Jersey

August 8, 2019

Honorable Judge Susan Wigenton
Martin Luther King Building and US Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE:   **SPECIAL POLICE ORG. OF NJ v. CITY OF NEWARK**
      **2:19-cv-08444-SDW-LDW**

Dear Honorable Judge Susan Wigenton,

    Please accept this my Brief response to Ms. Gibbons Reply to my submission.  First, I rely on all previous submissions and my companion submission in opposition to Director Ambrose's reply.

    **Plaintiff's entire Amended Complaint must <u>not be dismissed</u> because the entire complaint is not predicated upon slavery, and <u>coerced</u> volunteering of hours is <u>criminal</u>.**

    Defendants' Brief on this point does not even attempt to explain how Defendants' actions are not prohibited by the various criminal laws cited by Plaintiff's Brief.  **There is an equal protection violation as Special Police are the <u>only</u> group <u>required</u> to give 20 hours "kick back" in order to be able to continue as commissioned or licensed by Defendant's City.**

    As previously stated, the Deputy Sheriffs, Constables, Taxi Drivers, Auxiliary Police, Taverns, Contractors, are <u>not</u> required to "kick back".  Just because Defendants' City decides <u>not</u> to break the law requiring "kick-backs" for any other group <u>is the basis</u> for The Special Police Organization's Equal Protection of Rights Violations.  The regular police treatment is a different argument under a different law.  See Plaintiff's Complaint.

**PLAINTIFF'S CROSS MOTION TO AMEND SHOULD BE LIBERALLY GRANTED IN ACCORDANCE WITH THE RULES OF COURT WITH CONSIDERATION OF THE MERITS AT THIS POINT**

Defendants have gone so far as to <u>obtain</u> a certification pertaining to certain facts to be <u>established</u>. Intent and credibility arguments must be determined by a jury see <u>Judson v People Bank & Trust Co. of Westfield</u>. Defendants have left out and have not attempted to deny the crux of the factual allegations in the Amended Complaint that the Mayor and Police Director have ordered that the Special Police Organization not be assigned to the $57/hour jobs that exist outside of any that pertain to a Newark Police Vehicle. Failure to state the specific facts which counters Plaintiff's allegations as required by <u>R4:5-4</u> disallows a valid affirmative defense which must first be plead in any event.

Very truly yours,

Eldridge Hawkins, Esq.

EH/mms

ELDRIDGE HAWKINS, LLC
Attorney At Law
Attorney ID No. 214731967
60 Evergreen Place, Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070
Fax: (973) 676-7356
Attorney for: Special Police Organization of New Jersey

August 8, 2019

Honorable Judge Susan Wigenton
Martin Luther King Building and US Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE: SPECIAL POLICE ORG. OF NJ v. CITY OF NEWARK
    2:19-cv-08444-SDW-LDW

Dear Honorable Judge Susan Wigenton:

Please accept this my Brief in Response to Defendants Reply Brief, under R.7.1

LEGAL ARGUMENT

POINT I

**DEFENDANT AMBROSE SAYS PLAINTIFF'S MAKE AN IMPROPER ATTEMPT TO REWRITE THEIR (NON-EXISTING) CONTRACT WITH THE CITY.**

Defendant's appear to be calling Director Ambrose's <u>Order</u> a Contract as if both parties voluntarily entered into same. Defendants have not shown how <u>only</u> Special Police (and not Constables, Deputy Sheriffs, Construction Companies, Taverns and all others that must be licensed to do business in the City) are blessed with the <u>coerced volunteer kick-back</u> requirement.

1

It is respectfully submitted that <u>acts of criminalities</u> can <u>not</u> be tempered by coerced consent and are still against the public policy of this State.

2C:20-5 Theft by Extortion prohibits theft by extortion of a person purposely and unlawfully attain property of another when he purposely threatens to:

(d) take or withhold action as an official or cause an official to take or withhold action.

Defendants have <u>issued</u> official <u>Orders</u> requiring the Special Police to turn over 20 salary hours annually or not be reissued their permission to be Special Police.

It is asked: "How can an Act declared to be "criminal" be not against the public policy of the State and therefore unlawful and even unconstitutional? See also 2C:20-8; 2C20-9; 2C20-3; 2C:20-4 (theft by deception by attempting to convince everyone that Plaintiffs are contractually bound to kick back). See also criminal coercion 2C:13-5a (4); 2C:27-3, 5.

POINT II

**PLAINTIFFS DO NOT DISPUTE THE LAW OF CONTINUING VIOLATION IS APPLICABLE FAVORABLY TO PLAINTIFFS.**

What Defendants seem to try to ignore is that <u>each</u> year each Plaintiff must reapply to be a Newark Special Police. Each application is subject the 20 days kickback each new year. Thus, Plaintiffs do <u>not</u> need a continuing violation to successfully not

2

be time barred. Additionally, what Defendants miss is that <u>Defendants</u> themselves are calling this a "Contract" action which is 6 years under <u>N.J.S.A.</u> 2A:14-1. Likewise, constitutional causes of action have a 6 years statute of limitations. See also <u>N.J.S.A.</u> 2C:1-6 (g) any <u>Civil Action</u> brought pursuant to this code is 5 (five) years after the action accrues. Thus 2C:41-1 et seq. (racketeering) violations is 5 years. Additionally, the General Order itself is <u>not</u> the illegal act causing Plaintiffs harm but the annual "kickback" of their funds. Defendants reliance on the "contrary to public policy" "Order" is not the act about which Plaintiffs directly and specifically complain. They complain of the <u>annual act of withholding</u> their salary as a "<u>kickback</u>" and complains that the <u>reason</u> utilized is also against the public policy of this State. (whenever it was enacted).

### POINT III

**PLAINTIFFS ARE NOT BARRED FROM ASSERTION AN EQUAL PROTECTION CLAIM**

Regardless of Defendants' legal reasoning, it does not address Plaintiffs allegations that:

1. No other license is required to give a kickback to the City and there is no valid legal reason why only the Special Police are required to so do.

2. The kickback is illegal, criminal and against the public policy of this State and no one can justify the City and its

3

Executive Officers extortion of and coercing anyone to kickback and it is definitely a constitutional right to object to the quasi-enforcement of such a policy done under Color of State Law which Plaintiffs have done which has resulted in retaliations of Defendants now withholding the higher paying jobs from the Special Police and giving same to Constables, Deputy Sheriffs and regularly employed Police. This latest disparate treatment is not defended by the old Order which was renewed by Director Ambrose). It should also be noted that Peper v. Princeton, 77 NJ 55 (1978) allows for an equal protection argument cause of action directly under the NJ Constitution, Article I, Paragraph I. Peper states: "The equal protection of the laws means that no person of class of persons shall be denied the protection of the laws enjoyed by other persons or classes of persons in their lives, liberty, and property, and in the pursuit of happiness, both respects privileges conferred and burdens imposed City Washington Nat. Ins, Co., v. Board of Review, NJ 545 (1949).

### POINT IV

**NO PARTY DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY WITH REGARD TO VIOLATING THE CRIMINAL LAW AND ENGAGING IN ULTRA VIROUS ACTS.**

Statutory immunities contained in the New Jersey Tort Claims Act (TCA) do not apply to actions brought under the New Jersey Civil Rights Act. N.J.S.A. 10:6-2 (c), 59:1-1 to 59:12-3. Ramos v. Flowers, 429 NJ Super. 13, 56 A 3d 869 (App. Div. 2012) Moreover,

4

affirmative defense of qualified immunity applies only to claims for money damages under New Jersey Civil Rights Act, and not to claims for injunctive relief. N.J.S.A. 10:6-2 (c). Ramos v. Flowers, 429 NJ Super. 13, 56, A 3d 869 (App. Div. 2012); See also Fuchilla v. Layman, 109 NJ 319.

Under two prong analysis to determine whether a government official is entitled to the qualified-immunity defense, a Court must first ask whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right, and next ask whether the right was clearly established at the time of Defendant's alleged misconduct. Ramos v. Flowers, 429 NJ Super. 13, 56 A3d 869 (App. Div. 2012). The facts and law of this case demonstrates Plaintiffs 4th, 5th, 14th Amendment Rights of the US Constitution were violated.

Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. Ramos v. Flowers, 429 NJ Super 13, 56, A3d 869 (App. Div. 2012). Moreover, "ordinarily, the issue of good faith, as basis for qualified immunity of public employee under the Tort Claims Act, will require a plenary hearing to assess the claim's subjective element…" N.E. for J.V v. State Dep't of Children and Families Div. of Youth and Family Servs., 449 NJ Super. 379, 158 A3d 44 (app. Div. 2017).

5

Plaintiffs' original and Amended Complaint assert that the City of Newark and its agents, specifically Director Ambrose violated Plaintiffs' Constitutional Rights. (See Plain. Amend. Compl. Statement of Facts Pg. 7-13). Defendants' were made aware of their improper behavior via Notices of Claim and other means, yet continued their unlawful conduct. Thus, any good faith basis for qualified immunity is moot. Defendants actions as plead, supported by the facts, which are presumed true at this stage, would violate Constitutional Rights of Plaintiffs.

With regard to Title 59 Claims, Defendants have <u>no</u> immunity as their actions were <u>ultra virous</u>, <u>malicious</u> and criminal which <u>N.J.S.A</u>. 59:3-14 <u>exempts</u> form any Title 59 protection.

It should also be noted that <u>R.</u>4:5-4 affirmative defenses must be first pled <u>with facts</u> showing the proof of the said alleged affirmative defense. Same has <u>not</u> been done.

Please see <u>N.J.S.A</u>. 59:3-14 which makes any employee liable for actions which a reasonable person would not engage and same would only be done by the <u>ignorant</u> (plainly incompetent) or those who knowingly violate the law. <u>Ray v. Twp. Of Warren</u>, 626 R. 3rd 170, 173 3rd Cir. 2010.

The Police Director is the Chief Law Enforcement Officer and knew or should have known that extortion and criminal coercion are criminal actions prohibited by the State even when committed by the Police Director himself.

6

The clearly existing Right was described in Peper v. Princeton, Supra as NJ Constitution, Article I, Paragraph I which provides:

"All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of improper and defending life and liberty of accruing, possessing and protecting property and pursing and obtaining safety and happiness". It went on to say: "In New Jersey the right to obtain and acquire property has traditionally been considered basis".

Defendants Counsel keeps hammering home that the absence of legal precedent case law defining the illegality of his actions that would have notified the Director that the volunteer requirement violated any of Plaintiffs rights means he "ought to be cut some slack" because he did not know.

Well, every criminal that he and his Police Department are supposed to be arresting for violating the criminal law is not entitled to such a defense. Please see N.J.S.A. 2C:30-2; 2C:30-3; 2C:30-4; 2C:30-5; 2C:30-7 2C:20-3; 2C:20-5 (a); 2C:20-8 (a)(b); 2C:20-20 Civil Actions; 2C:41-1 a (h) (n); b; 2C:41-2; 2C:41-4; 2C:21-15; 2C21-25; 2C:13-5 a (4).

One would think that a Police Director under normal circumstances would never ever engage in actions which are clearly violative of multiple criminal prohibitions, and one would be right. There are no other cases in existence (of which I am aware)

7

wherein a Police Director violated the criminal law and <u>coerced</u> payment of a <u>kickback</u> to the City, <u>which</u> is or is <u>not</u> part of the City's reported income and budget. I count <u>no less than five definite</u> violations of the criminal law committed by Director Ambrose and the City of Newark.

I respectfully submit that just because another Police Director was not as brazen, stupid or criminal enough to engage in the Director's activity does <u>not</u> give the Director a pass at <u>not</u> knowing the criminal law he has vowed to enforce against others. Contrary to Defendants Counsel's taken position, the Notice of Claim, by pointing out the criminal <u>statutes</u> being violated gave the Director and the City more than sufficient time to find out of their actions were criminal. I would like to know the names of any attorneys who have advised the Director and Newark agents that the activity of <u>coercing 20 hours</u> out of a person in exchange for the ability to be licensed by the City annually as a Special Police Officer is legal. This is especially so since there is <u>no</u> law authorizing said actions and <u>the only</u> existing law prohibits same as <u>criminal</u>.

### POINT V

**THERE IS NO DISPUTE THAT PLAINTIFFS ARE NOT EMPLOYEES AND ARE NOT A PROTECTED CLASS UNDER N.J.S.A. 10:5-12(a).**

However, the undersigned never intended to bring an employment discrimination suit but a public accommodation suit

8

under N.J.S.A. 10:1-2 and N.J.S.A. 40A:9-6 which do not require an invidious protected class such as race, color, national origin and gender.

### POINT VI

**PLAINTIFFS MOTION TO AMEND TO INCLUDE SUBSEQUENT ACTS BY NEW PARTIES IS TO BE LIBERALLY GRANTED.**

Plaintiff's counsel has difficulty understanding Defendants argument as Defendants position in one place of their brief appears to be that Plaintiffs and the City are involved contractually, yet they produce no contract. Presumably, they refer to Director Ambrose's Order as a mutually entered and voluntarily agreement which it is definitely not. It also gives the specials no legal consideration for their donated 20 hours annually. The consideration given is thus not being replaced in their jobs by Constables, Deputy Sheriffs et als. That, is extortion, coercion, misconduct, theft of services etc. I am almost speechless with regard to Defendants counsel's unsupported statements that Plaintiffs causes of action address a private personal instead etc. To the contrary, the State found such actions criminal which makes same a public interest.

Again, under Defendants' Page 24 b argument, Plaintiff does not allege a contract ever existed. It is specifically given objection that the Director's Order, illegal equates to any kind of contract. In reviewing Defendants Page 26 arguments on NJ RICO.

9

There does not appear to be any dispute as to law cited. Defendants simple denial of the pleading without contesting the actual factual statements of the pleadings is insufficient to will a dismissal. Please see Count II, Paragraphs 2 + 3.

Contrary to Defendants suggestion, Plaintiff has not yet pled RICO. He has only plead NJ RICO which only requires engagement affecting commerce not interstate commerce.

DATED:   AUGUST 8, 2019                 /s/Eldridge Hawkins
                                        Eldridge Hawkins, Esq.

10