UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 13, 2019

Eldridge Hawkins, Esq.
60 Evergreen Place
Suite 510
East Orange, NJ 07018
*Counsel for Plaintiffs*

Franklin Barbosa, Jr.
Schenck, Price, Smith & King, LLP
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932
*Counsel for Defendant Anthony Ambrose*

Yvette Gibbons, Esq.
Law Offices of Yvette Gibbons, LLC
4 South Orange Avenue
No. 139
South Orange, NJ 07079
*Counsel for Defendants City of Newark,*
*Ras Baraka, LaMonica McIver,*
*Luis A. Quintana, John Sharpe James,*
*Joseph A. McCallum, Jr., Anibal Ramos, Jr.,*
*Augusto Amador, Eddie Osborne,*
*Carlos M. Gonzalez, Harry Roes 1-10*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:    Special Police Organization of New Jersey v. City of Newark, et al.**
       **Civil Action No. 19-8444 (SDW) (LDW)**

Counsel:

Before this Court are: (i) Defendant Anthony Ambrose's Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), (2), and (6); (ii) Defendants City of Newark, Ras Baraka, LaMonica McIver, Luis A. Quintana, John Sharpe James, Joseph A. McCallum, Jr., Anibal Ramos, Jr., Augusto Amador, Eddie Osborne, Carlos M. Gonzalez, and Harry Roes' (1-

10) Motion to Dismiss pursuant to Rule 12(b)(5) and (6);[1] and (iii) Plaintiffs Special Police Organization of New Jersey and its members'[2] (collectively, "Plaintiffs") Cross Motion for Leave to File a Second Amended Complaint[3]. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' respective Motions to Dismiss are **GRANTED without prejudice**, and Plaintiffs' Cross Motion for Leave to File a Second Amended Complaint is **DENIED without prejudice**.

## I. BACKGROUND & PROCEDURAL HISTORY

As Special Police Officers, Plaintiffs are independent contractors "who obtain employment from private entities under the authority of the City of Newark." (ECF No. 9 at 10 ¶ 12.) Through the instant action, they take issue with Newark Police Department's General Order 06-04 ("GO 06-04"), which provides:

> Special Police Officers are required to volunteer twenty (20) hours within a one (1) year period. . . . These hours can be completed by working in the capacity of a Newark Special Police Officer at special events or by conducting other functions as instructed by the Public Safety Director or the Chief of Police for the City of Newark. . . . Failure to do so may result in disciplinary action.

(GO 06-04 dated Oct. 5, 2017, ECF No. 9-1 at 49, 60; *see also* ECF No. 9 at 7-8 ¶¶ 2-5.)[4] Plaintiffs allege, *inter alia*, that Defendants are "forcing" Plaintiffs to work for no pay or less pay as compared to regular police officers. (ECF No. 9 at 8 ¶¶ 4-5.)

On March 13, 2019, Plaintiffs brought the instant suit against the City of Newark ("Newark"), Newark's Public Safety Director Anthony Ambrose, Mayor Ras Baraka, and City

---

[1] Hereinafter, the moving defendants will collectively be referred to as "Defendants."
[2] The following members are included in the suit as plaintiffs: Heriberto Acevado, Juan Alvira, James Andrews, Palmer Amos, Joaquin Ayerbe, Jorge Alex Barbosa, Jabree Bell, Renaldo Barte, Thiago Bethonico, Alphonse Benton, Kyle Brown, Clifton Burchett, Carlos Cabrera, Abalina Caraballo, Tracy Childress, Caroline Clark, Luciano Collazo, Vincent Cordi, Charlie Davis, Curtis Dorch, Tuwan Floyd, Willie Floyd, Michael Gillens, Kendall Golden, Gennaro Guanci, Ismael Guerrero, Giovanni Giida, Harrison Hogue, Mark Halloway, Jerome Jewell, Wilbert Johnson, Victor Jorge, Larry King, Darrell Lampley, Alana Lawrence, Giuseppe Maiorano, Benjamin Mauriello, Delvis Matos, Maria Melendez, Walter Melvin, John Meyers, Hortense Merritt, Reginald Merritt, Eusebio Moreira, Mark Odom, David Paige, Oscar Pannella, Ronald M. Petford, Iris Philson, Ricardo Pratt, Manny Rebimbas, Gary Robinson, Miguel J. Rodriguez, Jaime Rivera, Carmine Russo, Hakeem Saleem, Israel Segarra, John Silva, Alberto Smith, Shawn Simmons, Anthony Sutton, Luis Soto, Elliot Taylor, Dikran Tehlikian, Roberto Tellez, Alain Varela, George Vasquez, Louis Walker, Admiral Wimberly, Timothy Wise, James Wright, Tariq Yasin, and Devin Zamora. (ECF No. 9 at 3 ¶ 1.)
[3] This Court understands Plaintiffs' "Cross Motion to Allow Supplemental [sic] Facts and Causes of Action to Be Plead [sic][,]" to be a request for leave to file a Second Amended Complaint.
[4] The City of Newark's Public Safety Directors have issued superseding general orders over the years that have similar volunteer requirements. (*See, e.g.*, GO 06-04 dated Dec. 19, 2016, ECF No. 9-1 at 36, 47.)

Council members[5]. (ECF No. 1.) On May 1, 2019, Defendants moved to dismiss the Complaint. (ECF Nos. 6-7.) However, because Plaintiffs timely amended their pleadings on May 17, 2019, this Court administratively terminated Defendants' motions on May 28, 2019. (ECF Nos. 9, 13.) Plaintiffs' eight-count Amended Complaint alleges: (i) reckless intentional infliction of severe emotional distress; (ii) negligent, reckless, wanton disregard for Plaintiffs' rights; (iii) involuntary service in violation of 18 U.S.C. § 241 and Article I, paragraph 20 of the New Jersey Constitution; (iv) violations of New Jersey's Constitution; (v) intentional and reckless infliction of severe emotional distress; (vi) violations of N.J. Stat. Ann. §§ 10:1-2, 10:5-12(f), 10:6-4, 40A:9-6; (vii) claims under N.J. Stat Ann. § 10:6-2(c); and (viii) violations of federal and New Jersey Civil Rights Acts, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, N.J. Stat. Ann § 10:6-2(c). (ECF No. 9.)

On June 14, 2019, Defendants filed the instant Motions to Dismiss the Amended Complaint. (ECF Nos. 16-17.) On July 5, 2019, Plaintiffs opposed Defendants' motions and cross moved for leave to file a Second Amended Complaint. (ECF No. 22-9.) Plaintiffs also filed an "Informal Brief in Opposition to Defendant's submission." (ECF No. 22-12.)[6] On July 29, 2019, Defendants submitted briefs in further support of their respective motions and in opposition to Plaintiffs' cross motion. (ECF Nos. 36-37). Plaintiffs filed a sur-reply on August 8, 2019, which this Court rejected as impermissible under the Local Civil Rules. (ECF Nos. 38, 40.)

## II. STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint

---
[5] The named City Council members are Defendants LaMonica McIver, Luis A. Quintana, John Sharpe James, Joseph A. McCallum, Jr., Anibal Ramos, Jr., Augusto Amador, Eddie Osborne, Carlos M. Gonzalez, and Harry Roes' (1-10). (ECF No. 9 at 5 ¶ 3(e).)
[6] Plaintiffs' duplicative submissions are inappropriate. This Court should not have to sift through a haphazardly compiled set of documents to piece together Plaintiffs' arguments or request for relief.

should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

#### A. Federal Claims

##### i. 18 U.S.C. § 241 (Count Three)

The Amended Complaint alleges that Defendants violated 18 U.S.C. § 241, "which prohibits conspiracies undertaken to deprive an individual of his civil rights." *Varughese v. Robert Wood Johnson Med. Sch.*, No. 16-02828, 2017 WL 4270523, at *13 (D.N.J. Sept. 26, 2017) (quoting *United States v. Piekarsky*, 687 F.3d 134, 144 (3d Cir. 2012)). However, § 241 is a criminal statute that does not provide a private right of action to plaintiffs in civil suits. *Id.* (citing *Watson v. Wash. Twp. of Gloucester Cty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011)). Therefore, Plaintiffs' § 241 claim is dismissed because it fails to state a claim upon which relief can be granted.

##### ii. 42 U.S.C. § 1981 (Count Eight)

To state a claim under § 1981, Plaintiffs must allege: (1) that they are members of a racial minority; (2) that Defendants intentionally discriminated against Plaintiffs on the basis of race; and (3) "discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Varughese*, 2017 WL 4270523, at *6 (D.N.J. Sept. 26, 2017) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)). The Amended Complaint does not set forth any facts to suggest that Plaintiffs were discriminated against based on their races or ethnicities. Therefore, Plaintiffs' § 1981 claim is dismissed.

##### iii. 42 U.S.C. § 1983 (Count Eight)

Section 1983 does not itself create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Here, the Amended Complaint appears to allege that Defendants violated Plaintiffs' Fifth and Fourteenth Amendment rights to equal protection and due process. However, Plaintiffs' reliance on the Fifth Amendment is misplaced because Defendants are not federal actors. *See Telzer v. Borough of Englewood Cliffs*, No. 13-4306, 2018 WL 1757026, at *7 n.6 (D.N.J. Apr. 12, 2018) (citing *Malloy v. Hogan*, 378 U.S. 1, 6 (1964)) ("The Fifth Amendment's protections apply to the federal government and are applied to the states by way of the Fourteenth Amendment."). Therefore, this Court will analyze Plaintiffs' claims under the Fourteenth Amendment.

Plaintiffs base their equal protection claim on the theory that they belong to a "class of one." (ECF No. 22-9 at 22-23); *see also Williams v. Dep't of Corr., NJ*, No. 18-15986, 2019 WL 2099840, at *2 (D.N.J. May 14, 2019) (citations omitted) ("To establish an equal protection claim, a plaintiff must allege that he is either: (1) a member of a protected class and defendants treated him differently from members of an unprotected class, or (2) he belongs to a 'class of one' and

defendants treated him differently from others similarly situated without any rational basis for the difference in treatment."). However, it is well established that "the class-of-one theory of equal protection has no application in the public employment context." *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 607 (2008).[7] Because Plaintiffs' claim relates to the terms and conditions of their employment as Special Police for Newark, their equal protection claim is dismissed.

Plaintiffs' due process claims are also insufficiently pled. "To prevail on either a substantive or procedural due process claim challenging a state actor's conduct, 'a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.'" *Otero v. Port Auth. of N.Y.*, No. 14-1655, 2016 WL 1260682, at *6 (D.N.J. Mar. 31, 2016) (quoting *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000)). Here, Plaintiffs assert their desire to be paid at the same rate as regular police officers but have failed to articulate any constitutionally protected property interests. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."); *Otero v. Port Auth. of N.Y.*, No. 14-1655, 2016 WL 1260682, at *10 (D.N.J. Mar. 31, 2016) (dismissing substantive due process claims because they "arise out of Plaintiffs' employment agreements with [Port Authority Police Department] and related New Jersey employment law[,]" and thus are not fundamental interests "which enjoy substantive due process protections"). Therefore, Plaintiffs' procedural and substantive due process claims are dismissed.

The Amended Complaint also alleges that GO 06-04's volunteer requirement violates the Thirteenth Amendment. (ECF No. 9 at 8 ¶ 5, 10 ¶ 9.) The Amendment prohibits "compulsory labor akin to African slavery[.]" *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (quoting *Butler v. Perry*, 240 U.S. 328, 332 (1916)). "[I]n every case in which [the Supreme] Court has found a condition of involuntary servitude, the victim had no available choice but to work or be subject to legal sanction." *Id.* at 943. The twenty hours of volunteer work required to maintain Plaintiffs' contracts of employment is not the type of involuntary servitude prohibited by the Thirteenth Amendment. Therefore, Plaintiffs' claims sounding in "slave labor," and "involuntary servitude" are dismissed.[8]

---

[7] *See also Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1274 (11th Cir. 2008) (applying *Engquist* to a government-contractor relationship and finding that the plaintiff "failed to assert a cognizable right to equal protection"); *Seymour's Boatyard, Inc. v. Town of Huntington*, No. 08-3248, 2009 WL 1514610, at *7 (E.D.N.Y. June 1, 2009) (collecting cases that "have applied *Engquist* to bar 'class of one' claims in connection with discretionary decisions made outside the government-employee context").

[8] It is further noted that the statute of limitations for § 1983 actions in New Jersey is two years. *See Backof v. N.J. State Police*, 92 F. App'x 852, 855 (3d Cir. 2004); *see also* N.J. Stat. Ann. § 2A:14-2. Though Plaintiffs argue that their claims are timely because they arise from GO 06-04 as renewed on October 5, 2017, (ECF No. 22-9 at 27), the Amended Complaint alleges that Newark Special Police have been forced to volunteer twenty hours a year since 2012. (ECF No. 9 at 8 ¶ 5.) The continuing violations doctrine "does not apply when plaintiffs are aware of the injury at the time it occurred." *Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 85 (3d Cir. 2014) (quoting *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003)). Thus, Plaintiffs' § 1983 claims are likely time barred.

### iv. 42 U.S.C. §§ 1985 and 1986 (Count Eight)

Section 1985(3) creates a private right of action for persons injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Pagliaroli v. Ahsan*, No. 18-9683, 2019 WL 979244, at *5 (D.N.J. Feb. 28, 2019) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)). Here, Plaintiffs have failed to set forth facts from which this Court could infer Defendants' conspiratorial agreement or discriminatory animus. *See Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). Plaintiffs' "mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *Id.* (citations omitted).

Section 1986 claims are predicated on underlying violations of § 1985. *See Whitehead v. Wetzel*, 720 F. App'x 657, 662 (3d Cir. 2017) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)) ("A § 1986 claim requires an underlying violation of § 1985. Thus, 'if the claimant does not set forth a cause of action under the latter, [his] claim under the former must also fail.'"). Because Plaintiffs have not set forth a viable § 1985 claim, their § 1986 claim also fails.

### v. 42 U.S.C. § 1988 (Count Eight)

Section 1988(b) provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" for actions brought under various federal statutes, including §§ 1981, 1983, 1985, and 1986. Because the predicate federal claims are insufficiently pled, Plaintiffs' § 1988 claim is dismissed.

### B. State Law Claims

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."), *aff'd*, 101 F.3d 925 (3d Cir. 1996); *Washington v. Specialty Risk Servs.*, No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial,

the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). Plaintiffs' federal claims have been dismissed and this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

### C. Leave to Amend

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, "[i]n the absence of undue delay, bad faith or dilatory motive on the part of the movant, leave to amend should be freely given." *In re Merck & Co., Inc. Secs., Derivative & ERISA Litig.,* 493 F.3d 393, 400 (3d Cir. 2007). However, a district court acts within its discretion where it denies leave to amend because the amendment would be futile. *Id.* "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, Plaintiffs seek to assert additional claims in their proposed Second Amended Complaint, including, racketeering, retaliation, breach of the implied covenant of good faith and fair dealing, and intentional inference with Plaintiffs' beneficial status. (ECF No. 23-3.) As a preliminary matter, Plaintiffs' cross motion is defective because this Court's May 28, 2019 Order advised "that any future motions to file amended pleadings must include: '. . . a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining materials to be added.'" (ECF No. 13 at 2 n.1.) Despite this directive, Plaintiffs' cross motion fails to properly indicate how the proposed Second Amended Complaint differs from the Amended Complaint. Notwithstanding this procedural defect, the amendments would not cure any of the abovementioned deficiencies, and the newly asserted claims are similarly unclear and conclusory. As such, Plaintiffs' cross motion is denied because the proposed Second Amended Complaint still fails to state a claim upon which relief can be granted. *See Budhun v. Reading Hosp. & Med. Ctr.,* 765 F.3d 245, 259 (3d Cir. 2014).

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED without prejudice**, and Plaintiffs' Cross Motion for Leave to File a Second Amended Complaint is **DENIED without prejudice**.[9] An appropriate Order follows.

                                                  /s/ Susan D. Wigenton
                                                SUSAN D. WIGENTON, U.S.D.J

---

[9] This Court will briefly address Plaintiffs' request for "Entry of Default Against Defendants." (ECF Nos. 24-25.) Whereas Plaintiffs first filed their Amended Complaint on May 17, 2019, they may not enter defaults against Defendants based solely on proof that their original Complaint was served on March 27, 2019. Furthermore, on or about May 30, 2019, Defendants sought and obtained extensions of time to answer, move, or otherwise respond to the Amended Complaint. (ECF Nos. 14-15.) Thereafter, they timely filed their Motions to Dismiss. (ECF Nos. 16-17.) In light of the foregoing, Plaintiffs' request for entry of default against Defendants is **DENIED**.

Orig: Clerk
cc: Parties
Leda Dunn Wettre, U.S.M.J.